# Court of Appeals
# of the State of Georgia

ATLANTA,   June 12, 2013     

*The Court of Appeals hereby passes the following order:*

## A13A1480. EFFINGHAM COUNTY, GEORGIA, et al v. BENJAMIN ROACH.

Benjamin Roach filed suit against Effingham County, Georgia, and several county officials. The defendants moved for summary judgment, and the trial court partially granted and partially denied their motion. As to the individually-named defendants, the court granted them summary judgment on the breach of contract claim and ruled that the doctrines of sovereign immunity and official immunity barred all of the remaining claims. As to the County, the court ruled that several of Roach's claims could proceed. The court also ruled that his claim for attorneys' fees could proceed, concluding that "whether or not Defendants acted in bad faith in failing to carry out their obligations is a jury question."

The defendants then filed a notice of appeal, asserting that the trial court's ruling on the attorneys' fees claim is directly appealable under *Board of Regents v. Canas*, 295 Ga. App. 505 (672 SE2d 471) (2009). Roach filed a motion to dismiss, arguing that the trial court's order is not directly appealable because it did not conclusively reject any claim of immunity.

Ordinarily, the denial of a motion for summary judgment is an interlocutory order, the appeal of which must comply with interlocutory appeal procedure. See OCGA § 5-6-34 (b). However, in *Canas*, we held that the collateral order doctrine permits a direct appeal from an order "that denies a motion to dismiss, based on a conclusive determination that the State (or a state officer or employee) is not immune from suit on the basis of sovereign immunity." Id. at 506-508 (1).

Here, in denying the defendants' motion for summary judgment as to Roach's claim for attorneys' fees, the trial court did not explicitly identify which defendant(s)

remain potentially liable. However, given the court's explicit ruling that the individually-named defendants are entitled to summary judgment on all claims, its ruling on the attorneys' fees claim is not a conclusive rejection of the defendants' assertion of immunity as to that claim. Morever, a claim for attorney fees under OCGA § 13-6-11 is not an independent cause of action; rather, it is an additional element of damages. See *GeorgiaCarry.Org v. City of Roswell*, 298 Ga. App. 686, 687 (1), n.1 (680 SE2d 697) (2009).

While the trial court did reject the County's sovereign immunity defense as to the promissory estoppel claim, any challenge to that ruling is now moot because the plaintiff voluntarily dismissed that claim prior to the filing of the notice of appeal. As a result, we lack jurisdiction because the Defendants failed to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), and the trial court's interlocutory ruling is not otherwise directly appealable under *Canas*.

Roach's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED. Additionally, the Appellants' request for oral argument is DENIED as moot.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 06/12/2013
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


, Clerk.